**MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., et al., Plaintiffs,**

v.

**The UNITED STATES, et al., Defendants.**

**Court No. 81–07–00901.**

United States Court of International Trade.

March 22, 1985.

*Memorandum Opinion and Order*
WATSON, Judge.

Plaintiffs Sanyo Electric Co., Ltd., Sanyo Electric Inc., and Sanyo Manufacturing Corp. (Sanyo) and plaintiff Sharp Electronics Corporation (Sharp) after the original decision of this Court, favorable to movants was reversed in *Matsushita Electric Industrial Co., Ltd. v. United States,* 750 F.2d 927 (Fed.Cir.1984) have now moved to renew their motions for review of an administrative determination based upon the record made before the agency.

■ Plaintiffs contend that this Court's original decision, *Matsushita Electric Industrial Co. v. United States,* 6 CIT —, 569 F.Supp. 853 (1983) overturned a determination of the International Trade Commission on broad grounds of lack of substantial evidence but did not reach issues that were unique to movants. According to plaintiffs, these particular issues because they were not addressed by the appellate court, survive for further consideration by this Court, even though they were not raised on appeal by movants.

The Court finds that these motions must be denied as contrary to the sound operation of the judicial process, destructive of judicial economy and inimical to the speedy resolution of judicial disputes.

■ It is a common occurrence for a court to decide a case on a fundamental ground and in so doing to refrain from reaching alternative issues. However, if there is opportunity to raise such issues on appeal, that opportunity must be seized. *c.f. Raxton Corp. v. Anania Associates, Inc.,* 668 F.2d 622 (1st Cir.1982) (decision ultimately resting on principles of law of the case).

> [I]t is not open to question that an appellee ... should in supporting a judgment below, challenge any finding or conclusion or absence thereof that it deems error as revealed by the record (citations omitted). The presentation of all viable justifications of a judgment insures that simpler and speedier basis for decision are not overlooked, that occasions for remand are minimized, and that issues that may have appeared as independent alternatives to a trial court can be considered as mutually supporting interdependent parts of an appellate decision. *Raxton Corp. v. Anania Associates, Inc.,* at 624.

On appeal, plaintiffs could have argued that assuming this Court's original decision was in error, the case should be remanded for a determination of narrow issues, not addressed previously by this Court which are unique to Sanyo and Sharp.

> [I]t is likewise settled that the appellee may without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon a matter overlooked or ignored by it.... *U.S. v. American Ry. Exp. Co.,*

265 U.S. 425, 435, 44 S.Ct. 560, 564, 68 L.Ed. 1087 (1923).

 It should also be noted that it is within the realm of an appellate court's powers to resolve alternative issues on its own initiative. *See F.L. Smidth & Co. v. United States,* 56 CCPA 77, 86 C.A.D. 958, 409 F.2d 1369 (1969). *See also William B. Tanner Co., Inc. v. Wioo, Inc.,* 528 F.2d 262, 269 (3rd Cir.1975).

Whether an appellee raises the issue on its own initiative or the appellate court chooses to do so is unimportant. In either event the matter would have been developed in the most efficient way. The method chosen by plaintiffs here, represents an unacceptable prolongation of the process of review begun almost four years ago and should not be encouraged.

 In denying these motions the Court is not abdicating its jurisdiction. This Court is simply recognizing that within the context of its jurisdiction in the area of international trade dispute resolution, that delay and its corollary, uncertainty, are repugnant to the public interest.

 In enunciating this principle the Court is aware that the appellate court may choose to remand an issue to this Court, rather than resolve it at the appellate level. In that instance the Court would be bound to accept jurisdiction. However, when an appellee has an opportunity to bring alternative grounds that are supported in the record to the attention of the appellate court, it must do so or risk losing the opportunity of having it addressed by that court. A subsequent application to this Court to re-open a case involving a summary disposition must normally be looked on with disfavor.